UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANET TOKARCZYK,

        Plaintiff,

v.                                      Case No. 08-12481
                                      Honorable Patrick J. Duggan

A.G. EDWARDS & SONS, INC. and
WACHOVIA SECURITIES LLC,

        Defendants.

_____/

ROBERT N. TOKARCZYK, Personal
Representative of THE ESTATE OF ROBERT
TOKARCZYK, Deceased

        Intervening Plaintiff,

v.

JANET TOKARCZYK,

        Cross-Defendant.

_____/

**OPINION AND ORDER (1) GRANTING ROBERT N. TOKARCZYK'S PARTIAL
MOTION FOR SUMMARY JUDGMENT AND (2) DENYING JANET
TOKARCZYK'S CROSS-MOTIONS FOR SUMMARY JUDGMENT**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on April 15, 2009.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
               U.S. DISTRICT COURT JUDGE

Plaintiff Janet Tokarczyk ("Mrs. Tokarczyk") filed this action against Defendants,

seeking a declaratory judgment that she is the sole beneficiary of her late ex-husband's Individual Retirement Accounts ("IRAs") held with Defendant A.G. Edwards & Sons, Inc. ("A.G. Edwards").   Robert N. Tokarczyk ("Robert"), the son of Mrs. Tokarczyk's ex-husband and the personal representative of his father's estate, has intervened in this action, claiming that the rights of Mrs. Tokarczyk to own or be the beneficiary of the IRAs were extinguished, released, and/or waived in the November 6, 1995 Judgment of Divorce which dissolved Mrs. Tokarczyk's marriage to Robert's father, Robert Tokarczyk (hereafter "Mr. Tokarczyk").

Presently before the Court are Robert's partial motion for summary judgment as to liability (Doc. 23) and Mrs. Tokarczyk's cross-motions for summary judgment (Docs. 26 & 28), brought pursuant to Federal Rule of Civil Procedure 56(c). The motions have been fully briefed.[1]   On April 7, 2009, this Court issued a notice to the parties informing them that it is dispensing with oral argument with respect to the motions pursuant to Eastern District of Michigan Local Rule 7.1(e)(2).

### Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue as to any

---

[1]Mrs. Tokarczyk filed two pleadings in response to Robert's motion and a notice of supplemental authority.  Robert moved to strike Mrs. Tokarczyk's second response (partially because it added arguments not raised in her first response) and her supplemental authority.  In an order filed on March 2, 2009, this Court denied Robert's request to strike the pleadings, but granted Robert the opportunity to file a supplemental pleading to address Mrs. Tokarczyk's newly raised arguments and caselaw.  Robert filed a supplemental brief on March 13, 2009.

material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R.

Civ. P. 56(c).  The central inquiry is "whether the evidence presents a sufficient

disagreement to require submission to a jury or whether it is so one-sided that one party

must prevail as a matter of law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52,

106 S. Ct. 2505, 2512 (1986).  After adequate time for discovery and upon motion, Rule

56(c) mandates summary judgment against a party who fails to establish the existence of

an element essential to that party's case and on which that party bears the burden of proof

at trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

In the present matter, there are no disputes as to any material facts and a resolution

of the parties' motions only requires this Court's application of the governing law to those

facts.

### Factual and Procedural Background

Mrs. Tokarczyk was married to Mr. Tokarczyk for over twenty years.  While

married to Mrs. Tokarczyk, Mr. Tokarczyk opened and funded the two IRAs at issue in

the instant action, A.G. Edwards Account Nos. 6149-3411 and 6149-3429.  Account No.

6149-3411, known as the "Rollover IRA," contains funds that were originally held in an

account with Mr. Tokarczyk's employer that Mr. Tokarczyk converted (or "rolled-over")

to an A.G. Edward IRA in December 1994.  Mr. Tokarczyk initially opened Account No.

6149-3429 with Comerica Bank, but subsequently transferred the account to A.G.

Edwards.  Mr. Tokarczyk named Mrs. Tokarczyk as the sole beneficiary of both IRAs.

Mrs. Tokarczyk and Mr. Tokarczyk divorced in 1995.  The Circuit Court for

3

Macomb County, Michigan entered a Judgment of Divorce ("divorce judgment") on

November 6, 1995.  (Mot. Ex. A.)  The subject IRAs were included in the marital

property divided in the divorce judgment.  With respect to this property, the divorce

judgment provides:

> IT IS FURTHER ORDERED AND ADJUDGED that the
> Defendant, ROBERT TOKARCZYK, shall receive the
> following properties free and clear of any interest of the
> Plaintiff:
>
> 1.      His IRA at Comerica Bank;
> . . .
> 4.      His Pension Plan or roll over IRA from Wolverine
>         Mailing, Packaging, Warehouse, Inc. known as
>         Employees Defined Benefit Plan.  That the Plaintiff
>         shall provide the Defendant with an appropriate
>         Release releasing any claim she has in said property.

(*Id*. at 8-9.)  In the years following their divorce, Mr. Tokarczyk never removed Mrs.

Tokarczyk as the beneficiary of the subject IRAs.  He died on April 18, 2007.

Mrs. Tokarczyk and Mr. Tokarczyk's estate ("Estate") thereafter asserted claims to

the IRAs.  As a result, A.G. Edwards refused to transfer the ownership or release the

proceeds of the IRAs without a court order.  Mrs. Tokarczyk therefore filed this

declaratory judgment action on June 10, 2008.

On August 1, 2008, Robert moved to intervene in this action, claiming that the

Estate is the rightful beneficiary of the proceeds in the subject IRAs.  After this Court

granted Robert's motion on August 8, 2008, Robert filed a complaint against Mrs.

Tokarczyk asserting a breach of contract claim and a request for declaratory relief.

4

Specifically, Robert alleges that Mrs. Tokarczyk breached the terms of the divorce judgment by failing to provide a written waiver releasing her claims to the subject IRAs and by asserting her right to the accounts in this action.  Robert further alleges that the Estate has suffered damages as a result of Mrs. Tokarczyk's claim to the IRAs, such as "the obligation to pay interest on funds it needed to borrow in order to pay estate tax on the value of the Accounts . . ."  Robert also asks the Court to declare that the Estate is the sole owner of the IRAs and that Mrs. Tokarczyk has no right or interest thereto.

### Robert's and Mrs. Tokarczyk's Arguments[2]

Robert moves for partial summary judgment as to the issue of liability, asking the Court "to determine which party has ownership rights to the proceeds of [the subject IRAs]."  (Mot. at 1.)  Robert contends that the undisputed facts establish that Mrs. Tokarczyk's claim to the proceeds of the IRAs constitutes a breach of contract, as she expressly agreed in the divorce judgment that the IRAs belonged to Mr. Tokarczyk and that she would execute a release of any claim she had to the accounts.  Robert further argues: "Michigan law is clear that, a judgment of divorce provision addressing the property rights in an individual retirement account takes precedence over a prior designation naming the former spouse as beneficiary."  (*Id.*)  Robert therefore asks the

---

[2]On August 8, 2008, the parties entered a "Stipulation to Permit Constructive Interpleader," in which they provide that Wachovia Securities is solely a stakeholder, has no claim to the IRAs, and takes no position as to the accounts' rightful owner.  (Doc. 11 ¶ 6.).  The parties further agreed that, unless specifically ordered by the Court, Defendants are relieved of any obligation to answer pleadings, respond to motions, appear at hearings or otherwise defend against this action.  (*Id.* ¶ 10.)

Court to declare that the Estate is the rightful owner of the proceeds of the IRA.

Mrs. Tokarczyk raises several arguments in response to Robert's motion. First, she argues that Robert fails to present evidence of a contract between her and the Estate or her and Mr. Tokarczyk that is enforceable in a breach of contract action. She argues that a Michigan divorce judgment may be enforced only by filing a motion in the state trial court. Next, Mrs. Tokarczyk maintains that, even if a breach of contract action is an available remedy, this Court would lack subject matter jurisdiction pursuant to the "domestic relations exception." Additionally, Mrs. Tokarczyk maintains that Robert cannot establish the elements of a breach of contract claim. Lastly, relying on the law under the Employee Retirement Income Security Act of 1974 ("ERISA), 29 U.S.C. § 1001 *et seq.*, Mrs. Tokarczyk argues that her interest in the subject IRAs was never terminated as she remained the beneficiary named in the plan documents.

Mrs. Tokarczyk relies on this last argument to support her request for summary judgment. She further argues that Mr. Tokarczyk's failure to remove her as the named beneficiary of the IRAs and his establishment of a family trust in 2001 which did not include the IRAs as a source of funding demonstrates his intent to keep her as the beneficiary of the accounts.

**Applicable Law and Analysis**

The first issue this Court must address is Mrs. Tokarczyk's assertion that ERISA governs the determination of whether she or the Estate is entitled to the proceeds of the IRAs.  Mrs. Tokarczyk argues that ERISA preempts state laws and divorce judgments as to who is the rightful beneficiary of an ERISA plan and that, pursuant to ERISA, the beneficiary named in the plan documents always prevails.  Robert provides in response, however, that the subject IRAs are not ERISA plans because neither account was sponsored or administered by Mr. Tokarczyk's employer but instead were self-directed personal accounts.[3]  (Doc. 29 Ex. 1 ¶ 14.)  Mrs. Tokarczyk has offered no evidence to the contrary. This Court therefore concludes that state law, rather than ERISA, governs the determination of who is the proper beneficiary of the proceeds in the IRAs.

While this Court otherwise has subject matter jurisdiction over this dispute based on diversity, 29 U.S.C. § 1332(a)(1), the Supreme Court has recognized "the domestic relations doctrine" as an exception to diversity jurisdiction "for matters concerning 'the subject of divorce, or for the allowance of alimony.'" *Drewes v. Ilnicki*, 863 F.2d 469, 471 (6th Cir. 1988) (quoting *Barber v. Barber*, 62 U.S. 582, 584 (1859)).  This doctrine has been extended to include suits regarding child custody.  *In re Burrus*, 136 U.S. 586,

---

[3]ERISA governs the administration of employee benefit plans which are defined as "employee welfare benefit plans" and "employee pension benefit plans."  *Shahid v. Ford Motor Co.*, 76 F.3d 1404, 1409 (6th Cir. 1996) (citing 29 U.S.C. 1002(3)).  By definition, both plans must be "established or maintained by an employer."  *Id*. (citing 29 U.S.C. §§ 1002(1), (2)).

7

10 S. Ct. 850 (1890).  The Supreme Court more recently reaffirmed the domestic relations exception to federal subject matter jurisdiction.  *Ankenbrandt v. Richards*, 504 U.S. 689, 112 S. Ct. 2206 (1992).  In doing so, however, the Court emphasized that the exception "encompasses *only* cases involving the *issuance* of a divorce, alimony, or child custody *decree*."  *Id.* at 704, 112 S. Ct. at 2215 (emphasis added) (holding that a tort action arising out of the domestic relations of the parties does not fall within the domestic relations exception).  The Sixth Circuit Court of Appeals has similarly concluded that the "exception does not apply to suits that are actually tort or contract claims having only domestic relations overtones."  *Drewes*, 863 F.2d at 471 (holding that the exception does not preclude the federal court from exercising jurisdiction over an ex-husband's action against his ex-wife claiming intentional infliction of emotional distress because of her concealment of their child's whereabouts and interference with his employment).

The present matter does not call for the issuance of a divorce, alimony, or child custody decree.  Instead, it only requires the Court to consider the terms of a divorce judgment in determining the rightful beneficiary of the proceeds in IRAs and thus has only "domestic relations overtones."  The Court therefore concludes that the domestic relations exception does not divest it of subject matter jurisdiction over the claims in this case.

The only remaining issue for this Court to resolve– to which Mrs. Tokarczyk's remaining arguments in her response briefs relate– is the rights of the parties to own or be the beneficiary of the IRAs.  The Court finds it unnecessary to address Robert's breach of

contract claim to make this determination,[4] as the Court otherwise is able to declare the

rights of the parties with respect to the IRAs pursuant to the Declaratory Judgment Act,

28 U.S.C. § 2201(a).[5]  The Michigan Court of Appeals' decision in *Thomas v. City of*

*Detroit Retirement System*, 246 Mich. App. 155, 631 N.W.2d 349 (2001), controls the

outcome of this case.

   *Thomas* involved a dispute between an ex-wife and the estate of her ex-husband.

246 Mich. at 156, 631 N.W.2d at 350.  During their marriage, the husband participated in

a pension benefit fund under the direction of the defendant City of Detroit Retirement

System and the husband designated his wife as the beneficiary of the fund.  *Id*.  The

---

[4]The Court therefore declines to address the arguments raised in Mrs. Tokarczyk's
response briefs that relate to Robert's breach of contract claim.  The Court notes,
however, that the cases Mrs. Tokarczyk cites do not establish that Robert had to file a
motion in the state trial court to enforce what he claims to be the rights of the Estate
pursuant to the divorce judgment.

   [5]As the Supreme Court has explained:

> The Declaratory Judgment Act, 28 U.S.C. § 2201, provides
> that a district court may "declare the rights of any interested
> party whether or not further relief is or could be sought."  The
> availability of declaratory relief depends on whether there is a
> live dispute between the parties . . . and a request for
> declaratory relief may be considered independently of
> whether other forms of relief are appropriate.

*Powell v. McCormack*, 395 U.S. 486, 517-18, 89 S. Ct. 1944, 1962 (1969) (internal
citations omitted).  Additionally, in a declaratory judgment action, a district court may
grant further relief, including monetary damages.  *See, e.g., Fred Ahlert Music Corp. v.
Warner/Chappell Music, Inc.*, 155 F.3d 17, 25 (2d Cir. 1998) (citing cases); *see also* 28
U.S.C. § 2202.

9

husband and wife eventually divorced and their divorce judgment addressed the fund as follows:

>PENSION
>IT IS FURTHER ORDERED AND ADJUDGED that each party shall keep and retain, as their exclusive property, free and clear of any claim by the other, any pension benefits to which they are now entitled or may be in the future.

*Id*. When the ex-husband subsequently died, his ex-wife still was named as the beneficiary of the fund; nevertheless, the retirement system refused to pay her the fund's accrued benefits. *Id*. The ex-wife therefore filed suit against the retirement system. *Id*. The ex-husband's estate intervened. *Id*.

The Michigan Court of Appeals concluded that, based on the language of the divorce judgment, the ex-wife was not entitled to the proceeds of the pension fund. *Id*. at 161-62, 631 N.W.2d at 352-53. The court reasoned:

>We believe that language in a divorce decree awarding one party the proceeds of a fund "free and clear" of any claim by that party's spouse– such as the language in the instant divorce judgment– operates to void a designation listing the spouse as the beneficiary. To hold otherwise would be to contravene the clear language of the decree and thereby frustrate the expressed intent of the parties who signed it.

*Id*. at 160, 631 N.W.2d at 352. As the court explained, a divorce judgment "clearly divest[s]" one spouse of the property of the other spouse when it awards one spouse property "as [his or her] exclusive property, free and clear of any claim [by the other spouse]." *Id*. The court instructed that a spouse who wants to keep the other spouse as a beneficiary in spite of their divorce "need merely specify as much in the divorce decree."

10

*Id.*

The *Thomas* court's holding is consistent with the Michigan courts' instruction that a divorce judgment is to be construed as a contract and, that where the terms are unambiguous, a court may not resort to extrinsic evidence and must give those terms their plain and ordinary meaning. *MacInnes v. MacInnes*, 260 Mich. App. 280, 283, 677 N.W.2d 889, 891 (2004); *Johnson v. Johnson*, No. 271129, 2008 WL 4005028, at *2 (Mich. Ct. App. Aug. 28, 2008) (unpublished opinion) (citing *MacInnes* and *UAW-GM Human Resource Ctr. v. KSL Recreation Corp.*, 228 Mich. App. 486, 491, 579 N.W.2d. 411 (1998)).  In other words, the fact that a spouse failed to change the designation of his or her former spouse as a beneficiary of certain property cannot be used to negate the plain language of their divorce judgment that divests the latter spouse of his or her interest in the property.  *See Estate of Becker v. Houle*, No. 274402, 2007 WL 1484546, at *2 (Mich. Ct. App. May 22, 2007) (unpublished opinion).  Thus this Court must decide whether Mr. and Mrs. Tokarczyk's divorce judgment contains unambiguous language that divested Mrs. Tokarczyk of any interest in the subject IRAs.

The language in the divorce judgment, like that in *Thomas*, unambiguously awards Mr. Tokarczyk the subject IRAs "free and clear of any interest of [Mrs. Tokarczyk]."[6] (Mot. Ex. A at 8.)  Mrs. Tokarczyk does not claim that she did not knowingly and

---

[6]As indicated previously, because the terms of the divorce judgment are unambiguous, this Court may not consider the extrinsic evidence Mrs. Tokarczyk offers to demonstrate that Mr. Tokarczyk intended for her to obtain the proceeds of the IRAs.

11

voluntarily agree to this provision in the divorce judgment. This Court therefore must conclude that the divorce judgment "clearly divested" Mrs. Tokarczyk of any interest in the IRAs and "operate[d] to void a designation listing [her] as the beneficiary [of those accounts]." *Thomas, supra*.  As such, the Court concludes that the subject IRAs belong to the Estate.

Accordingly,

**IT IS ORDERED**, that Robert Tokarczyk's partial motion for summary judgment as to liability (Doc. 23) is **GRANTED**;

**IT IS FURTHER ORDERED**, that Janet Tokarczyk's cross-motions for summary judgment (Docs. 26 & 28) are **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Kenneth F. Neuman, Esq.
Edwin Young, Esq.
Gary Saretsky, Esq.

12